FILED

2013 May-13  PM 12:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RACHEL CAMP and BEN BURGESS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 2:12-cv-2237-LSC |
| ALABAMA TELCO CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

MEMORANDUM OF OPINION

I.    Introduction

This case is based on Alabama state law. Rachel Camp and Ben Burgess (collectively, "Plaintiffs") allege that Alabama Telco Credit Union ("Telco") has illegally charged them overdraft fees on their Joint Checking Accounts for the last several years. The Court has for its consideration Telco's Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. 12.) The motion has been fully briefed and is ripe for decision.

II.    Background

Plaintiffs are joint checking account holders with Telco, a state-chartered, federally insured, Alabama credit union with all of its branches in Alabama. As a credit

union, Telco is a non-profit banking organization owned and operated by its members. Plaintiffs are Telco members pursuant to a Membership and Account Agreement ("Account Agreement").

Since August 15, 2010, Telco has charged Plaintiffs overdraft fees for ATM and daily debit card purchases as a part of its overdraft protection plan (hereinafter "Courtesy Pay"), despite Plaintiffs never affirmatively opting in to Courtesy Pay, and Plaintiff Burgess even attempting to opt out of Courtesy Pay. In addition, one of Telco's Courtesy Pay practices is to reorder transactions from the largest amount to smallest before they are processed. This practice causes members to incur more overdraft fees than they would if the transactions were posted in chronological order because the larger amounts deplete the account funds quicker.

Plaintiffs filed a Class Action Complaint on June 21, 2012 (Doc. 1), and a Second Amended Class Action Complaint (the "Amended Complaint") on August 13, 2012. (Doc. 11.) Plaintiffs assert four claims against Telco: (1) breach of contract, (2) conversion, (3) unconscionability, and (4) unjust enrichment and restitution.[1]

III.    Standard

---

[1]Plaintiffs do not bring a claim under 15 U.S.C. § 1693m, the private right of action for damages against violators of Regulation E, the FDIC's electronic funds transfer regulation. The recently amended regulations limit the ability of a financial institution such as Telco to assess overdraft fees in certain contexts. *See* 12 C.F.R. § 205.17. Telco does not move the Court to dismiss Plaintiffs' claims based on preemption by the federal regulations, but it specifically reserves this defense. (Doc. 13 at 11 n.10.)

Case 2:12-cv-02237-LSC   Document 23   Filed 05/13/13   Page 3 of 15

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). Further, all "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).[2] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.*

---

[2]In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63. The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

" [U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). And, " where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—' that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, the Supreme Court suggested that courts adopt a " two-pronged approach" when considering motions to dismiss: " 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950).

Importantly, " courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1951-52). However, " [a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine

if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

IV.    Discussion

A.    Appropriateness of Issues for Rule 12(b)(6)

As a threshold matter, Plaintiffs argue that the issues before the Court are not appropriate grounds for dismissal under Rule 12(b)(6). Telco has provided a copy of an Account Agreement (Doc. 13-1), and website pages describing Courtesy Pay, with its motion to dismiss. (Doc. 13-2.)  Plaintiffs contend that it is unlikely that the Account Agreement provided by Telco covered the entire six-year liability period, and the Account Agreement references several other documents that may or may not be attached to the motion. In light of this, Plaintiffs argue that Telco's motion to dismiss is more akin to a motion for summary judgment and—prior to any discovery—is inappropriate at this early stage. (Doc. 21 at 6.)

In the Amended Complaint, Plaintiffs reference both an Account Agreement (Doc. 11, ¶ 59–60), and the website pages describing Courtesy Pay. (*Id.,* ¶ 66.) "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require

conversion of the motion into a motion for summary judgment." *Brooks*, 116 F.3d at 1369. Furthermore, even if the attached Account Agreement was not the actual Account Agreement during the entire six-year liability period, the Court's rationale for granting or denying Telco's motion to dismiss does not turn on its interpretation. Thus, the issues before the Court are appropriately considered in a motion to dismiss under Rule 12(b)(6).

B.    Plaintiffs' Claims

1.    Breach of Contract

In the first count of the Amended Complaint, Plaintiffs allege that Telco breached the Account Agreement by breaching the duty of good faith and fair dealing, what Plaintiffs contend is an element of every contract under Alabama law. (Doc. 11, ¶¶ 81–94.) In response, Telco argues that Alabama law does not recognize a claim for breach of the duty of good faith and fair dealing. (Doc. 13 at 11.)

" ' The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages.' " *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (quoting *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002)). Under Alabama law, every contract imposes an obligation of good faith in its performance and enforcement. Ala. Code § 7-1-304 (originally enacted

as Ala. Code § 7-1-203). *See also Tanner v. Church's Fried Chicken, Inc.*, 582 So. 2d 449, 451–52 (Ala. 1991). However, the violation of this obligation does not give rise to a cause of action as the statute was intended to be directive, not remedial. *Tanner*, 582 So. 2d at 452 (citing *Chandler v. Hunter*, 340 So. 2d 818, 821 (Ala. Civ. App. 1976)). *See also Government Street Lumber Co., Inc. v. AmSouth Bank, N.A.*, 553 So. 2d 68, 72 (Ala. 1989) ("failure to act in good faith in the performance or enforcement of contracts arising out of Title 7A does not state a claim for relief that may be granted in Alabama, since § 7–1–203 is directive rather than remedial"). Thus, in order to prove a breach of contract on the part of the defendant, a plaintiff must prove that the defendant expressly breached a specific term of the contract. *Tanner*, 582 So. 2d at 452.

Plaintiffs offer *Tanner* in support of their assertion that a claim of breach of the duty of good faith and fair dealing is actionable when a defendant has breached specific terms of the contract. (Doc. 21 at 7.) However, in *Tanner* the Alabama Supreme Court determined that there was *no* cause of action for breach of the duty of good faith. 582 So. 2d at 452. Thus, Plaintiffs' claim for breach of the duty of good faith and fair dealing is due to be dismissed.

Plaintiffs next argue in their brief that Telco breached specific terms of the Account Agreement in three ways: (1) by charging overdraft fees even though Plaintiffs did not consent to the overdraft charges; (2) by charging overdraft fees when

sufficient funds were available to cover the transaction; and (3) by ordering and posting transactions according to "amount," rather than "type" or "time." (Doc. 21 at 7–21.) Plaintiffs make this argument despite the fact that they only included a claim for breach of contract through a breach of the duty of good faith and fair dealing in their Amended Complaint. Regardless, the factual allegations in the Amended Complaint may support a claim for relief under these theories of breach of contract. Accordingly, the Court will not dismiss Plaintiffs' first count; however, Plaintiffs will be directed to further amend their complaint for the limited purpose of clarifying their breach of contract claim.

2.   Conversion

In the second count of the Amended Complaint, Plaintiffs allege that Telco's collection of overdraft fees from their accounts constitutes conversion. (Doc. 11, ¶¶ 95–98.) In response, Telco argues that Alabama law does not recognize as conversion the collection of funds from a bank account. (Doc. 13 at 12–13.) " 'The elements of conversion include a wrongful taking of specific property and an assumption of ownership or dominion over the separate and identifiable property of another. . . . Further, the plaintiff must have a right to immediate possession of such property and the taking must be in defiance of that right.' " *McGee v. McGee*, 91 So. 3d 659, 667 (Ala. 2012) (quoting *Young v. Norfolk Southern Ry.*, 705 So. 2d 444, 446 (Ala. Civ. App.

1997)). " Generally, an action will not lie for the conversion of cash. However, if the cash at issue is 'specific money capable of identification,' claims of conversion may be appropriate." *Covington v. Exxon Co., U.S.A.*, 551 So. 2d 935, 938 (Ala. 1989) (quoting *Hunnicutt v. Higginbotham*, 35 So. 469 (Ala. 1903)). Specific money capable of identification includes " money in a bag, coins or notes that have been entrusted to the defendant's care, or funds that have otherwise been sequestered, and where there is an obligation to keep intact and deliver this specific money rather than to merely deliver a certain sum." *Gray v. Liberty National Life Insurance Company*, 623 So. 2d 1156, 1160 (Ala. 1993).

In *Gray*, the Alabama Supreme Court found that money paid on pre-authorized checks the defendant drew monthly against the plaintiff's bank account was " identifiable." 623 So. 2d at 1160. The overdraft charges on Plaintiffs' joint checking accounts, however, were not drawn on physical checks like the ones in *Gray*, but were merely assessed anytime there was an overdraft. This is more akin to a false debt, rather than a conversion of funds. *See Lewis v. Fowler*, 479 So. 2d 725, 727 (Ala. 1985) (" When there is no obligation to return the identical money, but only a relationship of debtor or creditor, an action for conversion of funds representing the indebtedness will not lie against the debtor." )

Plaintiffs contend that a claim of conversion is available for overdrafts charged by a bank on existing accounts based on the Alabama Supreme Court's decision in *Covington*. (Doc. 21 at 32.) The language relied on by Plaintiffs is from the Eleventh Circuit's opinion in *Limbaugh v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 732 F.2d 859 (11th Cir. 1984). In *Limbaugh*, the court found that funds in a "Ready Assets Trust account" were sufficiently identifiable to support a conversion claim when the defendant liquidated the funds and charged the plaintiff's account for money he owed the defendant. *Id.* at 862–63. The court reached this determination because the funds in the Ready Assets Trust account were in the form of shares, like a stock account. *Id.* A joint checking account, on the other hand, is not structured into shares like the Ready Assets Trust account. Thus, the rationale in *Limbaugh* does not apply to overdraft fees taken from Plaintiffs' account. Accordingly, Plaintiffs have failed to state a claim for conversion in the Amended Complaint.

### 3.   Unconscionability

In the third count of the Amended Complaint, Plaintiffs seek a declaration that certain terms Telco may rely upon in the Account Agreement[3] are unconscionable, and request that each overdraft charge derived from the unconscionable terms be

---

[3]Although Plaintiffs purport to attach an Account Agreement to their Amended Complaint (Doc. 11, ¶ 59), no such document was attached. However, this does not affect this Court's determination that no affirmative right to relief arises under Alabama law for unconscionability.

rescinded and refunded to Plaintiffs as well as those similarly situated. (Doc. 11, ¶¶ 99–103.) In response, Telco argues that Alabama law does not recognize an affirmative claim for relief under an unconscionability theory (Doc. 13 at 12), and declaratory relief cannot be granted because there is no justiciable controversy. (Doc. 22 at 8.)

Under Alabama law, unconscionability is an affirmative defense and not available for use in obtaining affirmative relief. *Sanders v. Colonial Bank of Alabama*, 551 So. 2d 1045, 1045 (Ala. 1989); *Cowin Equipment Co., Inc. v. General Motors Corp.*, 734 F.2d 1581, 1582–83 (11th Cir. 1984); *Winecoff v. Compass Bank*, 876 So. 2d 1145, 1148 (Ala. Civ. App. 2003). *See also Blue Cross Blue Shield of Alabama v. Rigas*, 923 So. 2d 1077, 1086 (Ala. 2005). Plaintiffs argue that these cases are limited to actions involving unconscionability provisions of the U.C.C., not common law; however, Plaintiffs fail to cite any Alabama case law supporting an affirmative claim for relief under a common law theory of unconscionability. In fact, the Eleventh Circuit determined that a finding of no affirmative right to relief under the U.C.C. unconscionability provision was "consistent with traditional common law unconscionability theory." *Cowin*, 734 F.2d at 1582. While the allegations in the Amended Complaint may be sufficient to establish a defense of unconscionability, no such affirmative claim exists under Alabama law.

Plaintiffs argue that even if unconscionability is an affirmative defense, they can still seek a declaratory judgment declaring that the contract is unconscionable. It is unclear whether Plaintiffs seek declaratory relief under Alabama's Declaratory Judgments Act, Ala. Code § 6-6-220 *et seq.*, or the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. However, because unconscionability is merely an affirmative defense, there is no actual controversy between the parties, and a declaratory judgment would not be appropriate. *See City of Mobile v. Scott*, 178 So. 2d 545, 546 (Ala. 1960) (" '[T]here must be a bona fide existing controversy of a justiciable character to confer upon the court jurisdiction to grant declaratory relief under declaratory judgment statutes.' ") (quoting *Shadix v. City of Birmingham*, 38 So. 2d 851, 851 (Ala. 1949)); *Angora Enterprises, Inc. v. Condominium Ass'n of Lakeside Village, Inc.*, 769 F.2d 384, 386 n.2 (11th Cir. 1983) (the Court " lack[s] jurisdiction in a declaratory judgment case where the plaintiff [seeks] adjudication with respect to an affirmative defense. ").

### 4.    Unjust Enrichment and Restitution

Finally, in their fourth count, Plaintiffs allege that Telco's assessment of overdraft fees on their joint checking accounts constitutes unjust enrichment. (Doc. 11, ¶¶ 104–07.) In response, Telco argues that an unjust enrichment claim is not viable in this case because the Account Agreement defines the duties and obligations that exist between Plaintiffs and Telco. (Doc. 13 at 13–15.) " It has long been recognized in

Alabama that the existence of an express contract generally excludes an implied agreement relative to the same subject matter." *Vardaman v. Florence City Bd. Of Educ.*, 544 So. 2d 962, 965 (Ala. 1989). However, "the law may recognize an implied contract where the existence of an express contract on the same subject matter is not proven." *Kennedy v. Polar-BEK & Baker Wildwood Partnership*, 682 So. 2d 443, 447 (Ala. 1996).

Plaintiffs contend that their unjust enrichment claim is pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d). (Doc. 21 at 38.) Indeed, Plaintiffs' claims of breach of contract and unjust enrichment are inconsistent, and must necessarily be pled in the alternative. Although Plaintiffs' unjust enrichment claim in the Amended Complaint specifically refers to an Account Agreement, they likewise contend that any express contract is unconscionable. *See Sullivan v. Mazak Corp.*, 805 So.2d 674, 674 (Ala. 2000) (See, J., concurring in part and dissenting in part) (emphasis added) ("A party cannot recover on a claim of unjust enrichment where there is an *enforceable* express contract between the parties concerning the same subject matter on which the unjust-enrichment claim rests."). While no affirmative claim of unconscionability exists under Alabama law, it has been used as a defense by plaintiffs to render a contract unenforceable. *See American General Finance, Inc. v. Branch*, 793

So. 2d 738, (Ala. 2000).  Accordingly, Telco's argument is premature and Plaintiffs have stated a claim for unjust enrichment in the Amended Complaint.

V.      Conclusion

For the aforementioned reasons, Telco's Motion to Dismiss Plaintiffs' Amended Complaint is due to be GRANTED IN PART and DENIED IN PART. Plaintiffs have failed to state a claim for conversion and unconscionability. Therefore, Telco's motion to dismiss is due to be GRANTED as to the second and third counts. However, because Plaintiffs have stated a claim for unjust enrichment, Telco's motion to dismiss is due to be DENIED as to the fourth count. Further, although Plaintiffs have failed to state a claim of breach of contract based on a breach of the duty of good faith and fair dealing, they have alleged enough facts to support a claim of breach of contract based on a breach of the specific terms of the Account Agreement. Thus, Telco's motion to dismiss is due to be DENIED as to the first count, but Plaintiffs will be DIRECTED to amend their complaint for the limited purpose of asserting a breach of contract claim that is consistent with the specific theories they argue in their brief. A separate order consistent with this opinion will be entered.

Done this 13th day of May 2013.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

171032